Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**United States District Court**

JAN 19 2006

for the

at 3 o'clock and 25 min. P M
SUE BEITIA, CLERK

**DISTRICT OF HAWAII**

U.S.A. vs. CLYDE G. SOTO, JUNIOR, aka "Sots"     Docket No. CR 00-00264HG-02

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Clyde G. Soto, Junior, aka "Sots," in Criminal No. CR 00-00264HG-02, who was placed on supervision by U.S. District Judge Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 9th day of April, 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his supervised release (Probation Form 7A is attached) as follows:

1. The offender refused to submit to drug testing on 6/1/2004, in violation of Special Condition No. 1.

2. The offender failed to report a change in employment status beginning on 6/25/2004, in violation of Standard Condition No. 6.

3. The offender failed to follow the Probation Officer's 1/9/2004 instruction, in violation of Standard Condition No. 3.

4. The offender failed to submit his September 2005 and December 2005 Monthly Supervision Reports, in violation of Standard Condition No. 3.

5. The offender associated with Reynold Borges, a known felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005, and 12/31/2005, in violation of Standard Condition No. 9.

6. The offender submitted untruthful Monthly Supervision Reports for the months of January 2005 through November 2005, and was untruthful to the Probation Officer's inquires on 6/25/2005 and 10/19/2005, in violation of Standard Condition No. 3, 18 U.S.C. § 1001, and the General Condition.

7. The offender failed to notify the Probation Officer of law enforcement contact within 72 hours on 1/6/2006, in violation of Standard Condition No. 11.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/18/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 18th day of January, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   **SOTO, JUNIOR, Clyde G., aka "Sots"**
      **Criminal No. CR 00-00264HG-02**
      **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Count 3: Possession With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), a Class A felony. On 4/9/2001, he was sentenced to 46 months of imprisonment followed by 5 years of supervised release.

The offender's term of supervised release commenced on 12/19/2003.

### Violation No. 1:  Refusal to Submit to Drug Testing on 6/1/2004:

On 12/23/2003, the offender was oriented to the supervision conditions at the Probation Office. During the orientation, the offender was advised that he was required to participate in substance abuse testing at Hina Mauka - Waipahu (HM-W). He was also advised that a failure to submit to substance abuse testing would constitute a refusal to participate in substance abuse testing.

On 6/2/2004, HM-W reported that the offender failed to submit to drug testing on 6/1/2004. On that same date, this officer questioned the offender concerning his failure to submit to drug testing on 6/1/2004. The offender reported that on 6/1/2004, he remembered that he had a urine test. However, because he "got caught up in playing basketball," he forgot about reporting for the drug test. This officer advised the offender that he was in violation of his supervision for failing to submit to drug testing on 6/1/2004. This officer warned the offender that further violations of this nature would not be tolerated.

### Violation No. 2:  Failure to Report Change in Employment Status Beginning on 6/25/2004:

During the orientation to the supervised release conditions on 12/23/2003, the offender was advised that he needed to immediately report any change in employment.

On 6/29/2004, this officer attempted to contact the offender at his employment, Home Depot, Pearl City. This officer was advised that the offender no longer was employed there. Home Depot did not disclose when the offender terminated his employment.

On that same date, this officer attempted to contact the offender at his residence. The offender's mother reported that the offender had terminated his employment from Home Depot on 6/24/2004 and commenced working at a roofing company on 6/25/2004. Thereafter, this officer telephonically spoke with the offender concerning his new employment with Beachside Roofing. This officer also advised the offender that he was in violation of his supervision for failing to notify this officer of his change in employment status on 6/24/2004. This officer also warned the offender that further violations of this nature would not be tolerated. The offender apologized for his conduct.

Re:    **SOTO, JUNIOR, Clyde G., aka "Sots"**
**Criminal No. CR 00-00264HG-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

Between 6/29/2004 and 12/8/2004, the offender changed employment from Beachside Roofing to Paradise Beverages in or around August 2004, and changed employment from Paradise Beverages to Island Topsoil in or around November 2004.

On 3/18/2005, this officer received the offender's February 2005 Monthly Supervision Report which reflected that on 3/7/2005, he terminated his employment with Island Topsoil and commenced employment with Roll-Offs Hawaii.

On 5/15/2005, the offender telephonically reported that he returned to Island Topsoil "a week ago." He did not indicate the date he terminated his employment with Roll-Offs Hawaii. Subsequently, on 6/15/2005, this officer received the offender's May 2005 Monthly Supervision Report which reflected that on 6/6/2005, he started employment with Pineridge Trucking.

Consequently, between the start of supervision on 12/19/2003 until 6/6/2005, the offender changed his employment on seven occasions without providing notice 10 days prior as required by Standard Condition No. 6. More so, the offender failed to timely notify the Probation Officer of each change of employment.

**Violation No. 3:  Failure to Provide Requested Financial Information:**

On 1/9/2004, this officer sent the offender a letter instructing him to submit a copy of his 2003 federal income tax return. The offender failed to submit a copy of his 2003 federal income tax return as instructed.

**Violation No. 4:  Failure to Submit September 2005 and December 2005 Monthly Supervision Reports:**

The offender failed to submit his September 2005 Monthly Supervision Report which was due on 10/5/2005, and failed to submit his December 2005 Monthly Supervision Report which was due on 1/5/2006.

**Violation No. 5:  Association With Reynold Borges, a Known Felon Under Federal Supervision, on Three Separate Occasions, Including on or Around June 2005, November 2005, and 12/31/2005:**

On 1/6/2006, this officer met with the offender's ex-girlfriend, Janelle Lando, at the Probation Office. Ms. Lando reported that the offender associated with Reynold Borges, a felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005, and on 12/31/2005. Mr. Borges was convicted of a controlled substance offense (felony) and is currently on supervised release.

Specifically, Ms. Lando reported that she and the offender met Reynold Borges at his Mililani residence in June 2005 for a "cookout," in November 2005 for a baby

Re:   **SOTO, JUNIOR, Clyde G., aka "Sots"**
      **Criminal No. CR 00-00264HG-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

shower, and on 12/31/2005 to celebrate New Year's Eve. Ms. Lando reported that Reynold Borges was present on all three occasions.

**Violation No. 6: Submission of Untruthful Monthly Supervision Reports for the Months of January 2005 through November 2005; Untruthfulness to the Probation Officer's Inquiries on 6/25/2005 and 10/19/2005:**

The offender's term of supervised release commenced on 12/19/2003. At that time, the offender reported that he resided with his mother and stepfather at 234 Pakauwili Drive, Wahiawa.

On 6/25/2005, this officer attempted to conduct a home inspection at the offender's Wahiawa residence. Because the offender was not home, this officer telephonically contacted the offender on his cellular telephone. The offender reported that he was visiting his girlfriend at her apartment in Wahiawa. The offender subsequently met this officer at his mother's residence. When questioned, the offender denied that he was living with his girlfriend at her apartment. Additionally, the offender reported that although he was "considering" cohabitation, he did not sleep at his girlfriend's apartment because of an ongoing custody battle with his ex-girlfriend concerning their daughter. In this regard, the offender reported that although he "visited" his girlfriend nightly, he continued to sleep at home each night. Moreover, he reported that the apartment was his girlfriend's.

On 10/18/2005, this officer attempted to visit the offender at his Wahiawa residence. The offender's mother reported that the offender went to visit his girlfriend, identified as Janelle Meheula. Upon questioning, the offender's mother denied the offender "lived" or "resided" at Meheula's apartment. The offender's mother did admit that the offender slept at Meheula's apartment "sometimes." Thereafter, this officer asked the offender's mother to have the offender contact this officer with his girlfriend's name and address.

On 10/19/2005, the offender telephonically reported that his girlfriend, Janelle Meheula, resided at 1830 Wilikina Drive #1910, Wahiawa. This officer questioned the offender as to whether he "resided" with Meheula at the Wilikina apartment. The offender denied that he was living at the Wilikina apartment but reported that he slept there on occasion. This officer advised the offender that because he slept at Meheula's apartment on occasion, the offender was required to advise Meheula that this officer might stop by her apartment in the future if the offender was not at his mother's residence. The offender reported that he understood and would inform Meheula.

On 1/2/2006, this officer attempted to make contact with the offender at his girlfriend's Wilikina apartment. This officer learned that the offender had provided the wrong apartment number. In this regard, the offender reported that Meheula's

Re: **SOTO, JUNIOR, Clyde G., aka "Sots"**
**Criminal No. CR 00-00264HG-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

apartment number was #1910 when in fact it was #910. The offender and/or Janelle Meheula were not present at the apartment.

Subsequently, this officer met the offender's mother at her Wahiawa residence. The offender's mother reported that the offender and Meheula went to the movies. When questioned, the offender's mother denied the offender was living with Meheula at her apartment. In this regard, the offender's mother indicated that the offender usually slept at home because he did not want to "move too fast" regarding his relationship with Meheula.

On 1/6/2006, the offender's girlfriend, Janelle Lando, also known as Janelle Meheula, telephonically contacted this officer to report that on the early morning of 1/1/2006, at approximately 12:30 a.m., the offender threatened, struck, and choked her. Upon further questioning, Ms. Lando reported the following events:

1. On 12/31/2005, she and the offender went to celebrate New Year's eve at her uncle's residence. Thereafter, they went to Reynold Borges's residence.

2. Upon leaving Borges's Mililani residence, Ms. Lando reported that she drove the offender's vehicle because he had consumed alcohol throughout the evening. In this regard, the offender sat in the passenger's seat. At some point during the drive to the Wilikina apartment, they began arguing about a male acquaintance of Ms. Lando's. Ms. Lando subsequently stopped the vehicle in the middle of the road to confront the offender. The offender got upset and threatened to hurt Ms. Lando if she did not continue to drive the vehicle. Ms. Lando reported that the offender related that he did not want to get "stopped" by police.

3. Thereafter, the offender struck Ms. Lando on the right side of her face. He then choked her neck.

4. Ms. Lando then continued driving as instructed while they both continued to argue. Ms. Lando reported that she again stopped the vehicle in the middle of the road and was again choked by the offender.

5. Ms. Lando reported that she subsequently continued driving home.

6. Upon reaching the residence, the offender was apologetic. He continued to apologize once they reached their apartment unit.

Re:   SOTO, JUNIOR, Clyde G., aka "Sots"
      Criminal No. CR 00-00264HG-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 5


Ms. Lando reported that between 1/1/2006 and 1/2/2006, she contemplated whether she would forgive the offender and could continue in their relationship. In this regard, Ms. Lando indicated that she had never been assaulted in that manner.

Subsequently, on 1/3/2006, Ms. Lando packed her belongings and left the Wilikina apartment immediately after the offender left to go to work.

This officer inquired why she would leave the apartment when it was her apartment in the first place. Additionally, this officer suggested that she could have contacted the police and the apartment complex's management to determine how the offender could be prohibited from returning to the apartment complex. Ms. Lando subsequently reported that the apartment belonged to the offender.

Upon further questioning about the Wilikina apartment, Ms. Lando disclosed the following:

1. Ms. Lando met the offender in May 2005. At some point, the offender told her that he had an apartment and wanted her to move in with him. Ms. Lando subsequently moved in with the offender in June 2005.

2. While living with the offender, she met his mother and stepfather, David Rodrigues. She subsequently learned from the offender's mother that the offender had been living at the Wilikina apartment from approximately December 2004 and that the owner of the apartment was David Rodrigues.

3. Ms. Lando reported that the offender paid his mother $350 per month as rent for the apartment and that Ms. Lando paid for the electric and cable bills. She further reported that the offender's name is listed as the account subscriber for the electric and cable accounts. Additionally, her and the offender's names and photocopies of their driver's licenses are on file with the resident manager of the Wilikina apartment complex.

4. Ms. Lando reported that since she began residing with the offender at his apartment in June 2005, the offender "never" slept at his mother's Wahiawa residence.

5. She further reported that she had mail and documents evidencing the Wilikina apartment as the offender's address.

6. Ms. Lando also reported that the offender had drugs in the apartment.

Re:   **SOTO, JUNIOR, Clyde G., aka "Sots"**
      **Criminal No. CR 00-00264HG-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**


   When questioned why she contacted this officer, Ms. Lando reported that she was upset because the offender's mother persuaded her to not contact the police and/or file a temporary restraining order against the offender. In this regard, Ms. Lando indicated that the offender's mother told her that because the offender was attempting to get custody of his daughter, any contact with police would likely affect his chance of gaining custody. Subsequently, Ms. Lando agreed to not file a complaint as long as the offender "got help." Consequently, Ms. Lando learned that the offender's mother told the offender to get a temporary restraining order against her. In this regard, Ms. Lando reported that on 1/6/2006, she was arrested by Honolulu police while at the police station to make a report against the offender. Additionally, Ms. Lando reported that while driving into the Kailua police station, she observed the offender leaving the parking lot. Ms. Lando related that she decided to contact this officer because she wanted to let this officer know that the offender assaulted her on 1/1/2006 and that his temporary restraining order is untrue. Ms. Lando did not know the offender was prohibited from associating with felons, including Reynold Borges. She also was not aware that the offender did not report the Wilikina apartment as his place of residence.

   On 1/9/2006, Ms. Lando reported to the Probation Office as agreed. She provided this officer with documentation evidencing the offender's residence as 1830 Wilikina Drive #910, Wahiawa, Hawaii 96786. She also provided a copy of the restraining orders that she and the offender had filed against one another. In this regard, Ms. Lando's Ex Parte Petition for a Temporary Restraining Order for Protection and Statement (filed 1/9/06, First Circuit Court, FC-DA 06-1-0049), includes her previous statements to this officer concerning abuse and drug possession by the offender.

   Additionally, on 1/9/2006, this officer reviewed property assessment records for 1830 Wilikina Drive #910, Wahiawa, Hawaii 96786. According to the ownership documents, the offender's stepfather, David Rodrigues, is the owner of the apartment.

   On 1/10/2006, this officer spoke with Charles Jacobsen, resident manager of Kemoo by the Lake, 1830 Wilikina Drive. Mr. Jacobsen reported that according to management records, the offender has been registered as the tenant of the apartment as of 1/31/2005.

   In light of the information provided by Ms. Lando and Mr. Jacobsen, the offender was untruthful to this officer's inquiries regarding his residence. In this regard, the offender denied that he was living with his girlfriend. Moreover, he maintained that the apartment belonged to Ms. Lando. Additionally, in an attempt to hide his "true" residence, the offender intentionally misrepresented his address on his Monthly Supervision Reports for the period January 2005 to November 2005.

Re:   SOTO, JUNIOR, Clyde G., aka "Sots"
      Criminal No. CR 00-00264HG-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 7

**Violation No. 7: Failure to Notify the Probation Officer of Law Enforcement Contact Within 72 Hours on 1/6/2006:**

On 1/6/2006, Janelle Lando reported that the offender met with Honolulu Police Department officers at the Kailua police station on the same date. Ms. Lando further provided this officer a copy of the offender's application for a temporary restraining order filed on 1/6/2006 in the State Circuit Court.

On 1/6/2006, the offender left a telephone message indicating that he "broke up" with his girlfriend and wanted to inquire about getting his own apartment.

On 1/13/2006, the offender left a telephone message indicating that he had law enforcement contact on account of his situation with Ms. Lando.

In light of the seriousness of the violations, it is recommended that the Court issue a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. In support of the request for a No Bail warrant, this officer notes that this officer does not exactly know where the offender is residing for purposes of a summons. Additionally, because the subject's mother has aided the offender in his attempt to avoid personal contact with this officer over the course of the last 12 months, her conduct suggests she may hamper delivery of the summons to the offender should the summons be sent to her address.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 1/18/2006

DMK/pts

Re:   SOTO, JUNIOR, Clyde G., aka "Sots"
      Criminal No. CR 00-00264HG-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 8

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit his property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant shall not reside with his mother, Sharlene Nihipali, and/or his stepfather, David Rodrigues.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:  CLYDE G. SOTO, JR.                                Docket No.  CR 00-00264HG-02
Address:

      Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 5 years commencing 12/19/2003.

      While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

      If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)  The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2)  The defendant is prohibited from possessing any illegal or dangerous weapons.*

*(3)  The defendant shall provide the Probation Office access to any requested financial information.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     12-23-03
         CLYDE G. SOTO, JR., Defendant         Date

_____                12/23/03
DEREK M. KIM                                   Date
Senior U.S. Probation Officer