AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER:  1:00CR00264-002 | Judgment - Page 3 of 5 |
| DEFENDANT:  CLYDE G. SOTO, JR., aka "Sots" | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 8 MONTHS.

[ ] The court makes the following recommendations to the Bureau of Prisons:

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 2 2006

at 4 o'clock and 25 min. PM
SUE BEITIA, CLERK

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on FEB 16, 2006 to FEDERAL DETENTION CENTER
P.O. BOX 30347
HONOLULU, HI 96820

at _____, with a certified copy of this judgment.

John T. Rathman
UNITED STATES MARSHAL
Warden

By  J. Lumm
Deputy U.S. Marshal
Legal Tech

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

FEB 03 2006

at _2_ o'clock and _06_ min. _P_ M
SUE BEITIA, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**CLYDE G. SOTO, JR., aka "Sots"**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br><br>Criminal Number:   1:00CR00264-002<br>USM Number:   87784-022<br>**Stuart N. Fujioka**<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   admitted guilt to violation of Special Condition No. 1, Standard Conditions 3, 6 9 & 11, General Condition of the term of supervision and 18 U.S.C. § 1001.

[✔]   was found in violation of Conditions _3 and 4 as it relates to the September 2005 Monthly Supervision Report_ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

RECEIVED 2006 MAR 21 PM 3: [illegible] U.S. MARSHALS SERVICE HONOLULU, HI.

RECEIVED 2006 FEB -6 AM 9: 37 U.S. MARSHALS SERVICE HONOLULU, HI.

    The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]   The defendant has not violated Condition _4 as it relates to the December 2005 Monthly Supervision Report_ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **9576**

Defendant's Residence Address:
**Wahiawa, HI**

Defendant's Mailing Address:
**Wahiawa, HI**

January 24, 2006
Date of Imposition of Sentence

_/s/_
Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

2·7·06
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____
         Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00264-002 | Judgment - Page 2 of 5 |
| DEFENDANT: | CLYDE G. SOTO, JR., aka "Sots" | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The offender refused to submit to drug testing on 6/1/2004 | |
| 2 | The offender failed to report a change in employment status beginning on 6/25/2004 | |
| 3 | The offender failed to follow the Probation Officer's 1/9/2004 instruction | |
| 4 | The offender failed to submit his September 2005 Monthly Suprvision Report | |
| 5 | The offender associated with Reynold Borges, a known felon under federal supervision, on three separate occasions, including on or around June 2005, November 2005 and 12/31/2005 | |
| 6 | The offender submitted untruthful Monthly Supervision Reports for the months of January 2005 through November 2005, and was untruthful to the Probation Officer's inquires on 6/25/2005 and 10/19/2005 | |
| 7 | The offender failed to notify the Probation Officer of law enforcement contact within 72 hours on 1/6/2006 | |

CASE NUMBER: 1:00CR00264-002           Judgment - Page 4 of 5
DEFENDANT: CLYDE G. SOTO, JR., aka "Sots"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 52 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: | 1:00CR00264-002 |
| DEFENDANT: | CLYDE G. SOTO, JR., aka "Sots" |

Judgment - Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant shall not reside with his mother, Sharlene Nihipali, and/or his stepfather, David Rodrigues.